IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOANNE BAILEY, SHEA BARNES,**
**IDA BERG, THERESA BURROLA,**
**BERTHA COAN, SHEILA DUNHAM,**
**ALVIN HAWKINSON, MICHAEL HEREDIA,**
**LOJANN HOOEE, ANDREW JAMES,**
**FREDRICK LEWIS, FRANK LYONS,**
**LARSON ROGERS, CYNTHIA VARGAS,**
**and CHRISTOPHER WEBB,**

       **Plaintiffs,**

v.                                                                        Civ. No. 00-0005 JP/DJS

**CORRECTIONAL SERVICES CORPORATION,**
**a Delaware Corporation; and**
**Unknown Persons 1 through 100,**

       **Defendants**.

## MEMORANDUM OPINION AND ORDER

On March 3, 2000, Defendant filed a motion to dismiss (Doc. No. 05) under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter under 28 U.S.C. § 1332(a). The motion will be granted.

I.  BACKGROUND

The factual allegations taken from the complaint and the pleadings are as follows: Defendant Correctional Services Corporation ("CSC") is Plaintiffs' former employer. Each Plaintiff is a citizen of either New Mexico or Arizona, while Defendant is a Delaware corporation with its principal place of business in Florida.

Plaintiffs aver that on or about October 3, 1996, CSC contracted with McKinley County

1

to operate, maintain and manage McKinley County Adult Detention Center in Gallup, New Mexico.  CSC employed Plaintiffs to perform various jobs within McKinley County Adult Detention Center including counselor, nurse, correctional officer, food service director, and cook. Plaintiffs contend they accepted positions with CSC under misrepresented terms of employment. Plaintiffs further contend that their lives were endangered by, inter alia, (1) Defendants' assignment of violent inmates to kitchen work where butcher knives were located, (2) Defendants' failure to train security guards and (3) overcrowded facilities.

Plaintiffs complained to, inter alia, the administrator of the facility, Harold R. Bass ("Bass").  Plaintiffs suggest that Bass, acting as an agent of CSC, terminated Plaintiffs' employment as a direct result of their complaints regarding the conditions at McKinley County Adult Detention Center.  In addition, Plaintiffs contend that CSC, acting through Bass, made statements to prospective employers and news media referencing Plaintiff's "poor" performance at McKinley County Adult Detention Center.  (Compl. ¶192).   From these allegations, Plaintiffs derive tort and contract claims.

Plaintiffs originally filed similar suits in state court, one per Plaintiff, naming Bass as one of the Defendants.  Bass is a citizen of New Mexico.  Plaintiffs claim to have initially believed Bass was acting beyond CSC's authority.  Now they claim Bass acted at CSC's direction and that his role, if any, is that of a joint tortfeasor with his employer.  For these reasons, Plaintiffs chose not to make Bass a defendant in this case.

Plaintiffs also sue "Unknown Persons 1 through 100."  Plaintiffs seek compensatory and punitive damages from all Defendants.  As to the unknown persons' identities and citizenship, Plaintiffs' allege:

> Unknown persons 1 through 100 are all citizens of states other than the State of New Mexico or the State of Arizona.  However, Plaintiffs are unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as Unknown Persons 1 through 100, or any of them, and for that reason sue said Defendants, and each of them, by such fictitious names.  Plaintiffs will seek leave of Court to amend this complaint to state the true names and capacities of Unknown Persons 1 through 100, inclusive, when those names and capacities have been ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as an Unknown Person is responsible for all, or a portion of, the harm suffered by Plaintiffs as alleged herein.

(Compl. ¶ 4).  Defendants move to dismiss on the grounds that Plaintiff has failed to (1) join an indispensable defendant and (2) properly allege complete diversity.

## II.  LEGAL STANDARD

Federal courts are of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994).  When the amount in controversy in a civil action exceeds $75,000 and the parties are citizens of different states, a federal district court will have original jurisdiction.  See  28 U.S.C. § 1332(a).  Fed. R. Civ. P. 12(h)(3) directs that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Moreover, "a court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Additionally, lack of jurisdiction may not be waived nor may jurisdiction be conferred by "consent, inaction, or stimulation."  Id.  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  See id.  When federal jurisdiction is challenged the plaintiff bears the burden of showing why the case should not be dismissed.   Jenson v. Johnson County Youth Baseball League, 838 F.

Supp. 1437, 1439-40 (D. Kan. 1993).

### III.   DISCUSSION

Defendant moves to dismiss on two grounds.  First, Defendant moves to dismiss on the ground that Bass is an indispensable party, under Fed. R. Civ. P. 19.  If Bass were joined as a party, this court would no longer have jurisdiction under 28 U.S.C. § 1332.  Second, Defendant moves to dismiss on the ground that Plaintiffs, in naming as Defendants Unknown Persons 1 through 100, were unable to establish complete diversity at the time Plaintiffs filed this lawsuit and thus the court must dismiss the case.  See Freeport - McMoran, Inc. v. KN Energy, Inc., 498 U.S. 426, 429 (1991).

### A.   INDISPENSABLE PARTY

#### 1. CONTENTIONS

Defendants contend that Plaintiffs have failed to join Bass, and that he is an indispensable party under Fed. R. Civ. P. 19.  Defendants' position is that Bass cannot be joined without divesting this court of jurisdiction since he is a citizen of the State of New Mexico.

Defendants present two primary reasons why Bass is an indispensable party.  First, Defendants point to Count Six of the complaint in which Plaintiffs make allegations of defamation.  In Count Six, Plaintiffs aver that Bass made statements to prospective employers of Plaintiffs and to news media which were defamatory in nature.  Second, Defendants suggest that Plaintiffs cannot recover punitive damages without the inclusion of Bass as a Defendant and contend that judgment rendered in the absence of Bass would not be adequate.

## 2. LEGAL STANDARD FOR JOINDER OF ADDITIONAL PARTIES

Rule 19 of the Federal Rule of Civil Procedure governs the joinder of additional parties to actions already proceeding in federal courts under diversity jurisdiction. Rule 19 instructs courts that a party whose joinder would destroy diversity jurisdiction may be joined only if that party is both necessary and indispensable. When faced with the option of adding a party and thus destroying diversity, or allowing the action to proceed in the absence of that additional party, a two step analysis must be followed. Under Rule 19(a) a party is necessary to the action if: (1) in his absence complete relief cannot be afforded among the parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest, or (b) leave any of the persons already parties subject to a substantial risk or incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. See Fed. R. Civ. P. 19(a).

If the court determines that the individual is a necessary party, but joining would destroy diversity jurisdiction, the court must then decide whether the party is "indispensable." Four factors should be considered to determine if that party is "indispensable": (1) to what extent a judgment rendered in the person's absence may be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment by the shaping of relief or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. See Fed. R. Civ. P. 19(b). If the court determines that a party meets the more stringent requirements of being "indispensable" then the party should be joined and the action dismissed due to lack of diversity jurisdiction.

3. ANALYSIS: BASS NOT AN INDISPENSABLE PARTY

In accordance with Rule 19, it must first be determined if Bass is a necessary party to this action. Defendants claim that defamatory statements referred to in Count Six of the complaint make Bass both necessary and indispensable. Defendant relies primarily on <u>Sanchez v. Sears Roebuck & Company, Does 1-20</u>, No. C-97-0105 SC, 1997 WL 229819 (N.D. Cal. May 2, 1997).

In <u>Sanchez</u> the plaintiff alleged that while in a Sears store, Sears security guards physically attacked and assaulted him. As a result of this attack, he suffered physical and mental injuries. The plaintiff sued Sears and unnamed "Does 1-20." The plaintiff claimed that at the time he filed his complaint he was not aware of the true identities of the security guards who had attacked him. Later, when the plaintiff learned their identities, he moved to amend.

The United States District Court of Northern California first found the Does 1-20 were already named defendants, just not properly identified. The court ruled that the security guards were indispensable parties to the suit, holding that (1) if judgment were to be rendered without including the two previously unnamed guards, any recovery would be incomplete, thus unjust, and (2) splitting the case into two actions would be inefficient.

<u>Sanchez</u> is distinguishable from this case. Bass was not a defendant named in Plaintiff's complaint and he cannot be a Doe or an unknown Defendant because his name and identity is (and has always been) known. This case is less like <u>Sanchez</u> and more like <u>Temple v. Synthes Corp. Ltd.</u>, 498 U.S. 5 (1991).

Plaintiffs suggest that Bass is a joint tortfeasor. Relying on <u>Temple</u>, Plaintiffs argue that joint tortfeasors are not parties who must be joined. In <u>Temple</u> the plaintiff had undergone an

6

operation in which a plate and screw device was implanted into the plaintiff's back.  The screws later broke off inside the plaintiff's back.  The plaintiff filed two suits.  The first was a malpractice and negligence action filed in state court against the doctor who performed the procedure and the hospital where it occurred.  The second suit was filed in federal court against the manufacturer of the plate and screw, for defective design and manufacture.  The manufacturer defendant moved to dismiss the federal suit for failure to join the doctor and hospital as necessary parties under Fed. R. Civ. P. 19.  The Supreme Court found that the manufacturer, the doctor and the hospital were all potential joint tortfeasors.  The Court then held that joint tortfeasors are permissive parties rather than necessary parties who should be named as defendants in a single lawsuit.

Temple suggests that Bass is, if anything, nothing more than a joint tortfeasor, in whose absence Plaintiffs may still be afforded complete relief.  Thus Plaintiffs can sue only CSC, the employer, and may, under certain circumstances recover both compensatory and punitive damages.  See UJI 13-1827 NMRA 2000.  Bass need not be a defendant.  Servants of Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1575 (D.N.M. 1994).  Further, it is unlikely that any party will be at substantial risk of incurring double, multiple or otherwise inconsistent obligations resulting from the absence of Bass.  For the reasons described in Temple, Bass is not a necessary or indispensable party to this suit.

### B.  FAILURE TO ESTABLISH DIVERSITY AT TIME OF FILING

Defendants also move to dismiss on the ground that Plaintiffs failed to properly establish complete diversity when they filed this action. Defendant mainly relies on two cases, Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187 (9th Cir. 1970) and Controlled Env't Sys. v. Sun Process Co., Inc., 936 F. Supp. 520 (N.D. Ill. 1996).  Defendant claims that these cases

properly illustrate that subject matter jurisdiction is defeated by alleging that "Unknown Persons 1 through 100" are defendants.

In Fifty, Prudential, a New Jersey corporation with its principal place of business in New Jersey, sued, inter alia, "John Doe one through Ten, Jane Doe One through Ten, Brown and Smith, a partnership, and Black Corporations One through Ten," based upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff claimed not to know the particular identities of the defendants. At the same time, the plaintiff alleged that none of the defendants were citizens of New Jersey or had a principal place of business within New Jersey. The Ninth Circuit Court of Appeals ruled that the language employed by Prudential as to the undetermined names of the defendants suggested that the plaintiff's negative allegations about the citizenship of those unknown parties was mere guesswork. The court concluded that the "Doe" practice could not be applicable in diversity cases. Diversity jurisdiction must be affirmatively established, not negatively implied.

In Controlled Environment, the plaintiff filed a three count multi-defendant diversity suit, in part to collect money damages resulting from a mechanic's lien. In addition to filing suit against several named and properly identified defendants, the plaintiff averred that after a diligent inquiry he could not ascertain the names of several unknown persons and therefore included as defendants "Unknown Owners, Unknown Beneficiaries and Non-Record Claimants." The United States District Court for the Northern District of Illinois ruled that it could not find diversity of citizenship because the citizenship of those defendants was unknown. This case is really no different than Fifty and Controlled Environment.

Allegations and other factual contentions must have evidentiary support or must be likely

8

to have evidentiary support after a reasonable opportunity for further investigation or discovery. Rule 11(b)(3) clearly states this mandatory good faith effort. Policy suggests that requiring certification with respect to allegations and other factual contentions is in recognition that a litigant may have good reason to believe a fact is true or false, but may require more time to gather and confirm the evidentiary basis for the allegations. Tolerance of a plaintiff's factual contentions in initial pleading, when specifically identified as made on information and belief, does not relieve litigants from the obligation to conduct an appropriate factual investigation that is reasonable under the circumstances; it is not a license to join parties, but is instead intended to facilitate only good faith claims. See Fed. R. Civ. P. 11 Advisory Committee Notes, 1993 Amendments. Citizenship must be clearly established at the time a diversity lawsuit is commenced. See Freeport- McMoran, Inc. v. KN Energy Inc.,498 U.S. 426, 428 (1991). Allegations and determinations as to citizenship which appear illusory, requiring mere guesswork, must be dismissed. See Molnar v. Nat'l Broad. Co., 231 F.2d 684, 686 (9th. Cir. 1956); Salzstein v. Bekins Lines, Inc., 747 F. Supp. 1281, 1283 (N.D. Ill. 1990); Eckert v. Lane, 678 F. Supp. 773, 775 (W.D. Ark. 1988).

    Plaintiffs do not appear to have made a good faith effort to identify, describe or specifically allege the respective function or connection of each unknown person. Additionally, at the commencement of this suit, Plaintiffs were unable to properly identify the citizenship of each Unknown Person. As presented, the negative allegations as to citizenship appear illusory and thus are insufficient to invoke this court's jurisdiction.

    Plaintiffs' three part response to the motion to dismiss does not change the result. First, Plaintiffs assert that the practice of naming a "Doe" defendant may be utilized to enable claims to

relate back to dates within the statute of limitations when complaints are amended to substitute defendants for their correct legal names.  Thus the naming of unknown persons as defendants is a procedural device to allow for future joinder of defendants by name in the event that such defendants are latter identified.  However, Defendants properly state that there is no apparent statute of limitations issue.  If Plaintiffs' concern is that investigation might reveal additional defendants, Rule 15(a) may allow for the addition of those yet unknown defendants at some future time, if justice so requires.  See  Foman v. Davis, 371 U.S. 178, 182 (1962);  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir.  1993);  Crumpacker v. DeNaples M.D.,126 N.M. 288, 292 (Ct.  App.  1998), *cert.  denied,* 126 N.M. 532 (1998).

     Second, Plaintiffs rely on 28 U.S.C. § 1441(a) which states that "citizenship of defendants sued under fictitious names shall be disregarded."   Section 1441(a) specifically applies to removal cases only.  The full sentence states, "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a) (emphasis added).  Plaintiffs suggest that this is a removed case.  It is not.  Plaintiffs voluntarily dismissed their state court complaint and then filed an original action in this court.  Further, a plaintiff cannot remove an action the plaintiff has filed in state court, even if a plaintiff is also a counterclaim defendant.  See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-108 (1941); Ford Motor Credit Co. v. Liles, 399 F. Supp. 1282. 1384 (W.D. Okla. 1975).

     This court concludes that Plaintiffs have not properly alleged diversity and that federal subject matter jurisdiction is lacking.  Accordingly, this case will be dismissed.  Plaintiffs' third response is a request that if, as I have found, Plaintiffs failed to properly allege diversity jurisdiction by including Unknown Defendants, that I simply strike their mention from the

complaint. I decline to follow this course. Instead of proceeding in such piecemeal fashion the better course is to begin every case with clear jurisdiction.

    IT IS THEREFORE ORDERED THAT Defendants motion to dismiss for lack of subject matter jurisdiction is granted.

                                                 _____
                                                 **UNITED STATES DISTRICT JUDGE**