IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOANNE BAILEY, SHEA BARNES,**
**IDA BERG, THERESA BURROLA,**
**BERTHA COAN, SHEILA DUNHAM,**
**ALVIN HAWKINSON, MICHAEL HEREDIA,**
**LOJANN HOOEE, ANDREW JAMES,**
**FREDRICK LEWIS, FRANK LYONS**
**LARSON ROGERS, CYNTHIA VARGAS,**
**and CHRISTOPHER WEBB,**

       **Plaintiffs,**

v.                                                                                                                    Civ. No. 00-0005 JP/DJS

**CORRECTIONAL SERVICES CORPORATION,**
**a Delaware Corporation; and**
**Unknown Persons 1 through 100,**

       **Defendants**.

**MEMORANDUM OPINION AND ORDER**

On July 6, 2000 Plaintiffs filed a Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 17). Plaintiffs' motion will be granted.

On March 3, 2000 Defendant Correctional Services Corporation ("CSC") filed a motion to dismiss for lack of subject matter jurisdiction based on Plaintiffs' inclusion as Defendants "Unknown Persons 1 through 100." I agreed with Defendant CSC that diversity jurisdiction could not properly be assessed where one hundred of the one hundred one Defendants were unknown. Therefore the case was dismissed for lack of jurisdiction.

Instead of refiling their case without the unknown Defendants, Plaintiffs moved under Rule 59(e) for reconsideration of only that part of the June 21, 2000 Memorandum Opinion and Order denying Plaintiffs' request for leave to amend or to strike reference to the unknown

Defendants.  In their motion under Rule 59(e) Plaintiffs presented, for the first time, an array of persuasive authority for granting the alternative relief sought.  Defendant CSC's response is based primarily on an alleged lack of timeliness of Plaintiffs' motion under Rule 59.

Rule 59(e) states, in its entirety, that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  The judgment which Plaintiff seeks to alter or amend was filed on June 21, 2000.  Plaintiffs motion invoking Rule 59(e) was filed on July 6, 2000.  Defendant CSC argues that Plaintiffs motion was untimely because more than 10 days elapsed between June 21, 2000 and July 6, 2000.[1]  Therefore, Defendant CSC contends, Plaintiffs' motion under Rule 59(e) is converted by the rule in Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir. 1995) (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)) to a motion under Rule 60(b), which measures post-judgment motions by a different standard.

Rule 6(a) indicates that when computing periods of time less than 11 days, intermediate Saturdays, Sundays and legal holidays, such as Independence Day, are not included in the computation.  Rule 6(a) operates in this case to exclude Saturday June 24, Sunday June 25, Saturday July 1, Sunday July 2, and Tuesday July 4.  Therefore Plaintiffs' motion was timely filed

---

[1] Interestingly, Defendant CSC's argument is itself untimely.  By Order filed July 17, 2000 I granted Defendant additional time, until July 28, 2000, to respond to Plaintiffs' motion under Rule 59(e).  Defendant's response, however, bears the file date of August 2, 2000.  Defendant's counsel has orally represented to a member of my staff that his runner on July 28, 2000 presented the response to the Court Clerk but for reasons unexplained that response was not filed by the Court Clerk until several days later.  Because Plaintiffs specifically request that I not strike Defendant's response for untimeliness, I will address the merits of Defendant's tardy response.

under Rule 59(e) when Plaintiffs filed it on July 6, 2000, the tenth[2] day after entry of judgment on June 21, 2000.

A motion under Rule 59(e) should be granted to correct manifest errors of law. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). In support of their claim that a manifest legal error was committed, Plaintiffs cite, for the first time, to Varley v. Tampax, 855 F.2d 696, 700-01 (10th Cir. 1988), a case involving similar procedural issues. In Varley, a woman's parents and administratrix filed separate suits stemming from the woman's death. The district court then consolidated the cases and permitted the addition of another defendant. The net result was one suit with multiple plaintiffs, one of whom was from Kansas, suing Tampax and other defendants, two of whom were also from Kansas. Later, the district court granted summary judgment for Tampax on the merits. But then, in the same order, the district court dismissed the case without prejudice for lack of jurisdiction. Within the requisite time period, Tampax moved under Rule 59(e) for an order dismissing the non-diverse defendants and entry of summary judgment against the diverse defendants. The Tenth Circuit held that it was error for the district court not to adopt this course. Citing Rule 21,[3] the Tenth Circuit concluded that the district court abused its discretion by failing to grant Tampax' motion under Rule 59(e). The Tenth Circuit noted that neither non-diverse defendant was indispensable and that they were already, at that

---

[2] Day 1 - Thursday June 22; Day 2 - Friday June 23; Day 3 - Monday June 26; Day 4 - Tuesday June 27; Day 5 - Wednesday June 28; Day 6 - Thursday June 29; Day 7 - Friday June 30; Day 8 - Monday July 3; Day 9 - Wednesday July 5; Day 10 - Thursday July 6.

[3] "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21.

point, named defendants in a substantially similar state court proceeding.  Plaintiffs in this case point to other similar decisions, also for the first time, which are in accord with Varley and its use of Rule 21.  See, e.g., Bhatla v. U.S. Capital Corp., 990 F.2d 780, 786 (3d Cir. 1993); Miller v. Leavenworth-Jefferson Electric Cooperative, Inc., 653 F.2d 1378, 1381-83 (10th Cir. 1981) (employing now-superseded analysis as to whether motion characterized as one under Rule 59(e) or Rule 60).[4]

Varley, with its reliance on Rule 21, and the weight of other similar authority indicates that the proper course is to allow this case to proceed to the merits by deleting reference to "Unknown Persons 1 through 100." Those unknown Defendants are hardly indispensable. Moreover, as noted in the June 21, 2000 Memorandum Opinion and Order, Plaintiffs may be permitted to add presently unknown Defendants at some future time, when later identified if justice so requires.  Without the unknown Defendants, what remains is a suit involving Plaintiffs who are all either citizens of New Mexico or Arizona bringing state law claims against a Delaware corporation with its principal place of business in Florida, for alleged damages in excess of $75,000.  Diversity jurisdiction, under 18 U.S.C. § 1332(a), is thus proper.

IT IS THEREFORE ORDERED THAT

(1) Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 17) is granted;

(2) that portion of the June 21, 2000 Memorandum Opinion and Order dismissing the case

---

[4] Plaintiffs cite to still other cases, yet again for the first time, invoking Rules of Civil Procedure other than Rule 21 to dismiss defendants as to whom jurisdiction is improper.  Because of the result reached here under Rule 21, there is no need to consider Plaintiffs' alternative arguments.

4

for lack of jurisdiction is amended;

(3) Defendants "Unknown Persons 1 through 100" are dismissed under Federal Rule of Civil Procedure 21.

_____
**UNITED STATES DISTRICT JUDGE**